IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JERMANE D. LOWE,

                    Petitioner,

          v.                              CASE NO. 07-3130-SAC

LOUIS BRUCE, et al.,

                    Respondents.

O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas, and the filing fee was paid.  Petitioner seeks to challenge his convictions by a jury in the District Court of Sedgwick County, Kansas, of felony murder and criminal discharge of a firearm.  He was sentenced on March 29, 2002, to consecutive terms of life and 88 months.  The Kansas Supreme Court affirmed his conviction on December 19, 2003.  State v. Lowe, 276 Kan. 957, 80 P.3d 1156 (Kan. 2003).

According to petitioner, on September 24, 2004, he filed a petition for post-conviction relief under K.S.A. § 60-1507, which was denied.  The denial was affirmed on appeal by the Kansas Court of Appeals.  Lowe v. State of Kansas, 143 P.3d 421, 2006 WL 2864741 (Kan.App. Oct. 6, 2006).  A Petition for Review was denied on February 13, 2007.

Mr. Lowe raises the following claims in his federal Petition:

(1) evidence of gang affiliation was improperly admitted at trial, (2) the court erred in failing to give an instruction relating to informant testimony, (3) there was no evidence of guilt, (4) cumulative error denied him a fair trial, and (5)(6) "State's position" that the issue of gang evidence was waived due to defense counsel's failure to object at trial is either erroneous or evidence of ineffective assistance of counsel.

Petitioner alleged in his Petition that he had exhausted state court remedies on all claims raised therein, and this court issued an Order to Show Cause to respondents. Respondents have now filed a Motion to Dismiss (Doc. 7) alleging and showing that petitioner has claims challenging his state convictions under attack herein presently pending before the state appellate court. Respondents assert that this action should be dismissed as a result, reasoning that petitioner has not exhausted state court remedies on all his claims and citing Rose v. Lundy, 455 U.S. 509, 518 (1982)("a rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts."). Petitioner has responded to the Motion to Dismiss by filing a Motion to Stay (Doc. 8) these proceedings pending a decision by the Kansas appellate court on the "remaining issue before the state court."

The court finds that petitioner does have an action presently pending in the state appellate courts, which challenges the convictions under attack herein. The pending state action was

initiated by petitioner in Sedgwick County District Court on March 14, 2005, and he now characterizes it as a "motion of newly discovered evidence." On April 28, 2005, the district court summarily dismissed this motion, and petitioner appealed the denial to the KCOA. On August 17, 2007[1], the KCOA issued an unpublished opinion affirming the denial. <u>State of Kansas v. Lowe</u>, 2007 WL 2377138, 164 P.3d 850 (Kan.App. Aug. 17, 2007)(Table). On-line records of the Clerk of the Appellate Court reveal that petitioner filed a Petition for Review in the Kansas Supreme Court on September 17, 2007 (Appellate Case No. 96547).

Mr. Lowe did not inform this court that he had another action challenging his state convictions pending in state court at the time he filed his federal Petition, even though he was asked in the petition form if he had "any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging." Petitioner argues that the six issues he raised in his federal Petition have been exhausted, and that he therefore has presented no unexhausted claims, and his petition is not "mixed." Petitioner also argues he is entitled to a stay rather than dismissal of these federal proceedings. In support of the latter argument, he alleges that the State "separated" his two post-conviction motions and "hindered" his new evidence motion from proceeding with his state habeas corpus

---

[1]

The KCOA decision was rendered after respondents' Motion to Dismiss and petitioner's Motion to Stay were filed herein.

action.  He alleges that a decision will be rendered shortly in the pending state action.   Petitioner also argues that dismissal of this federal action could result in "dire consequences," because the AEDPA "is ambiguous as to whether a newly discovered motion" tolls the one-year statute of limitations.  He thus claims it was "unclear" whether or not the statute of limitations would have expired had he waited until after the pending state action was determined to file his federal Petition.

The court concludes that respondents' Motion to Dismiss should be sustained and this action should be dismissed, without prejudice, on account of petitioner's failure to exhaust all available state court remedies before filing his federal Petition. Since petitioner has an action pending in state court which "should have been filed pursuant to habeas corpus proceedings under K.S.A. 60-1507[2]," that challenges the very convictions he seeks to challenge in his federal Petition, it is plain he has not exhausted all "the remedies available in the courts of the state" at this time.  28 U.S.C. 2254(b)(1)(A).

While petitioner appears to be correct that his federal Petition as filed does not contain unexhausted claims, it also plainly appears that he wants this court to hear the issues still pending in state court, which at this time remain unexhausted.  He states that the issues still pending in state court are of

---

[2]       This is the characterization of petitioner's pending motion by the Kansas Court of Appeals in State v. Lowe, 164 P.3d at *2.

"constitutional magnitude" and that he desires (those issues) to be heard before the court also." If petitioner believed the issues still pending in state court were exactly the same as claims already exhausted, he would not have filed a Petition for Review in the Kansas Supreme Court on September 17, 2007, after the Motion to Dismiss and Motion to Stay were filed in this case. Moreover, if he were content to proceed only upon the claims already raised in his federal Petition, he would not be seeking a Motion to Stay at this time[3].

The court further finds petitioner does not allege sufficient circumstances indicating the stay and abeyance procedure should be applied in this case at this time. In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the United States Supreme Court instructed that the stay and abeyance of a mixed petition is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in the state courts. Petitioner's conclusory references to ambiguities in the AEDPA and the State's failure to timely process his post-conviction motions do not amount to good cause. Nor is this court convinced that petitioner's action now pending before the Kansas Supreme Court would be construed as anything other than a post-conviction action

---

[3] In order to have any additional claim heard in federal court, once exhausted, petitioner would have to either file an amended petition herein adding that claim, or a new action and petition, which must include all claims he wishes to present in federal court. In either case, if petitioner proceeds on a petition that does not contain all claims he wishes to present in federal court, any later attempt to raise those claims in a subsequent federal petition could be barred as second and successive.

entitling him to statutory tolling.  Instead, the court tentatively finds that petitioner's conviction became "final" on or about March 19, 2004, so that the statute of limitations began to run on or around March 20, 2004.  It ran for approximately six months before petitioner filed his first 1507 action, and appears to have thereafter been continuously tolled by his two pending 1507 actions and appeals.  It follows that petitioner should have adequate time after his pending state action is finally determined by the Kansas Supreme Court to file a timely federal habeas corpus petition, provided he is diligent.

**IT IS THEREFORE ORDERED THAT** petitioner's Motion for Stay (Doc. 8) is denied; respondents' Motion to Dismiss (Doc. 7) is sustained; and this action is dismissed, without prejudice, on account of petitioner's failure to exhaust all state court remedies.

**IT IS SO ORDERED**.

Dated this 25th day of September, 2007, at Topeka, Kansas.




s/Sam A. Crow
U. S. Senior District Judge